UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JO FREDERICKSEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-1892 |
| | § | |
| HALLIBURTON COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Pending before the Court is the defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Docket Entry No. 28).[1]  The plaintiff, Jo Frederiksen, did not file a response.  After having carefully reviewed the motion and the applicable law, the Court grants the defendants' motion.

**II.    Factual Background**

This case concerns the plaintiff's allegations of sexual harassment, retaliation and other related claims while employed by the defendants.[2]  In July of 2003, the plaintiff entered into an employment subsidiary contract with Services Employees International, Inc. ("SEII"), a division of Kellogg Brown & Root, Inc. ("KBR") and a subsidiary of Halliburton Company ("Halliburton"), to perform work under a contract with the United States military in Iraq.  The

---

[1] The defendants are: Halliburton Company; Kellogg Brown & Root Services, Inc.; Kellogg Brown & Root International, Inc.; Kellogg Brown & Root LLC; Kellogg Brown & Root, Inc. (no longer an active company); Kellogg Brown & Root S. de R.L.; KBR Technical Services, Inc.; and Overseas Administrative Services, Ltd.

[2] The plaintiff initially filed suit against the defendants in Texas state court on June 29, 2009, asserting the same claims that she asserts in this suit.  The defendants removed that case to federal court on August 6, 2009.  On September 3, 2009, the plaintiff filed a stipulation of dismissal without prejudice based on the parties' agreement to attempt arbitration.  The defendants eventually agreed to discontinue arbitration, and they did not oppose the plaintiff filing her current complaint.

plaintiff was employed by SEII in Iraq until May 16, 2006, when she entered into a new employment agreement with Overseas Administrative Services ("OAS"), which is another subsidiary of KBR and Halliburton. She continued to work for OAS in Iraq until she resigned on November 10, 2007. On May 26, 2010, the plaintiff filed suit. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.[3]

## III.   Contentions of the Parties

### A.   The Defendants' Contentions

The defendants move for judgment on six of the plaintiff's nine claims. The defendants contend that the Texas Commission on Human Rights Act ("TCHRA")[4] bars the plaintiff's several common law claims. The defendants maintain that the plaintiff can neither state a claim for intentional infliction of emotional distress ("IIED"), nor for breach of contract. The defendants also aver that the plaintiff cannot state independent claims for agency, *respondeat superior*,[5] joint venture, joint enterprise and direct corporate liability. Lastly, the defendants allege that SEII is not a party to this suit because the plaintiff did not effect service of process upon it.

### B.   The Plaintiff's Contentions

The plaintiff alleges experiencing sexual harassment that was rampant within the KBR network of companies. She claims that her supervisors initially ignored her reports of sexual

---

[3] The plaintiff timely filed this suit after timely filing a charge of discrimination with the Equal Employment Opportunity Commission and the Civil Rights Division of the Texas Workforce Commission, both of which issued her written notices of her right to sue.

[4] TEX. LAB. CODE ANN. §§ 21.001-21.556.

[5] The plaintiff does not seem to assert *respondeat superior* as an actual claim, even though she references it multiple times in her complaint. To the extent that she does assert *respondeat superior* as a claim, the Court grants the defendants' motion for judgment regarding that claim, for the reasons set forth in Section **V(D)**, *infra*. *See also, O'Bryan v. Holy See*, 556 F.3d 361, 370 n.1 (6th Cir. 2009) ("[*R*]*espondeat superior* is not a cause of action. It is a basis for holding the [defendant] liable for the acts of its agents.").

harassment, then that they retaliated against her, and finally that they forced her to resign.  She avers that the defendants are all liable because they are a joint enterprise.

In her complaint, the plaintiff asserted causes of action for: (1) sexual harassment and hostile work environment; (2) retaliation; (3) negligence; (4) negligent undertaking; (5) IIED; (6) fraud in the inducement to enter the employment contract; (7) breach of contract; (8) agency, joint venture, joint enterprise and direct corporate liability; and (9) allegations that the exemplary damages cap in Section 41.008(b) of the Texas Civil Practice and Remedies Code violates various provisions of the federal and Texas constitutions.  The plaintiff filed no response to the defendants' motion.[6]

## IV.    Standard of Review

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002)).  Under Rule 12(c), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *Doe*, 528 F.3d at 418 (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted)).  To this end, the factual allegations contained in the plaintiff's complaint are to be taken as true.  *Doe*, 528 F.3d at 418; *see also, Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if the "[f]actual

---

[6] The deadline for filing a response has elapsed.  The defendants filed the present motion on January 10, 2011. According to the Court's local rules, responses to motions are due within twenty-one days unless the time is extended.  S.D. Tex. L.R. 7.3.  A failure to respond is "taken as a representation of no opposition."  S.D. Tex. L.R. 7.4.  Furthermore, the "failure to brief an argument in the district court waives that argument."  *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 & n.10 (S.D. Tex. 2003) (citing *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2000).  Therefore, the Court determines that the plaintiff has waived her response to the defendants' motion.

allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"   *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555).   Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).   "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).   Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the plaintiff will eventually prevail.   *Twombly*, 550 U.S. at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also, Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## V.     Analysis and Discussion

The Court grants the defendants' motions for judgment in its entirety.  For the reasons that follow, only three of the plaintiff's nine original claims remain justiciable: (1) sexual harassment and hostile work environment; (2) retaliation; and (3) constitutional allegations.

### A.     The Plaintiff's Common Law Claims

The Court holds that the TCHRA bars the plaintiff's common law claims of: (1) negligence; (2) negligent undertaking; (3) fraud in the inducement to enter the employment contract; (4) IIED; (5) breach of contract; and (6) agency, joint venture, joint enterprise and direct corporate liability.   "Where the gravamen of a plaintiff's case is TCHRA-covered harassment, the Act forecloses common-law theories predicated on the same underlying sexual-harassment facts."   *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). "[E]mployer liability for unwanted sexual touching by a coworker . . . is limited to a tailored TCHRA scheme that specifically covers employer liability for sexual harassment."   *Waffle House*, 313 S.W.3d at 803.

The TCHRA necessarily abrogates common law claims based on the same conduct because "there exists 'a clear repugnance' between" the TCHRA and common law causes of action.  *Id.* at 802, 804-07 (quoting *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 192 (Tex. App. – Fort Worth 1995, writ denied)).  This repugnance exists because the TCHRA is an "elaborately crafted statutory scheme" that addresses sexually harassing conduct.  *Waffle House, Inc.* at 804.  The TCHRA's purpose would be undermined by allowing a plaintiff to proceed under a common law theory because of conflicts between the TCHRA and common law relating to administrative review, limitations, substantive elements of the claim, affirmative defenses and remedies.  *Id.* at 804-07.

The plaintiff's common law claims are based on her allegations of sexual harassment in the workplace and the defendants' alleged failure to protect her from that alleged harassment. Thus, her common law claims and her sexual harassment and retaliation claims are inextricably intertwined.  As a matter of law, the TCHRA bars the plaintiff's common law claims because each allegation supporting her common law, sexual harassment and retaliation claims are grounded on the same alleged misconduct and are alleged to have caused the same injuries.  *See id.* at 811.

### B.    IIED

Even assuming, *arguendo*, that the TCHRA does not bar the plaintiff's IIED claim, that claim still fails because the gravamen of her IIED claim is the same as the gravamen of her other sexual harassment, retaliation and common law claims.[7]  The Texas Supreme Court has stated that IIED is "first and foremost, a 'gap filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffman-La Roche v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (internal citation omitted) ("Where the gravamen of a plaintiff's complaint is really another tort, [IIED] should not be available.").  The Fifth Circuit also recognizes that IIED is a "gap filler." *Day v. Rogers*, 2007 U.S. App. LEXIS 29617, at *9 (5th Cir. Dec. 21, 2007).  Moreover, the tort of IIED was "never intended to supplant or duplicate existing statutory or common-law remedies." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005).  This is true even if a plaintiff's other claims are barred. *See Creditwatch*, 157 S.W.3d at 816.

---

[7] Under Texas law, to recover damages for IIED, "a plaintiff must prove that (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the resulting emotional distress was severe.  *See Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998) (internal quotation and citation omitted).

In this case, the gravamen of the plaintiff's IIED claim is identical to her common law, sexual harassment, hostile work environment and retaliation claims because all of those claims are based on the same alleged facts.  Under Texas law, the plaintiff may not recover for IIED when she has other avenues of redress, regardless of her ultimate success on the alternative available claims.  *See Creditwatch* at 816.  Therefore, the Court grants the defendants' motion to dismiss the plaintiff's IIED claim for this additional reason.

### C.      Breach of Contract

The Court grants the defendants' motion regarding the plaintiff's breach of contract claim.[8]  Even if the TCHRA did not bar this claim, her claim is not based upon any breach of any defendant's obligations to her under the employment agreements.  A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform.  *Case Corp. v. Hi-Class Bus. Sys. Of Am., Inc.*, 184 S.W.3d 760, 769-70 (Tex. App. – Dallas 2005, pet. denied) (internal citation omitted).  Whether a contracting party has breached the contract is generally a question for the Court, which determines as a matter of law what the contract requires of the parties.  *See Dew, Inc. v. Local 93, Liu*, 957 F.2d 196, 199 (5th Cir. 1992) (internal citations omitted).  "[W]hether a contract is ambiguous is also a question of law," and a contract is not ambiguous simply because the parties disagree about its requirements.  *Dew, Inc.*, 957 F.2d at 199 (internal citations omitted).  Thus, disagreement about the meaning of contract terms will not change an issue of law into an issue of fact.  *Id*.

Terms within a contract are given "their plain, ordinary, and generally accepted meaning unless the contract itself shows that particular definitions are used to replace that meaning."

---

[8] To prevail on a cause of action for breach of contract, a plaintiff must prove: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App. – Houston [14th Dist.] 2005, pet. denied)).

*Bituminous Cas. Corp. v. Maxey*, 110 S.W.3d 203, 208-09 (Tex. App. – Houston [1st Dist.] 2003, pet. denied) (internal citation omitted).  If a contract is worded such that it "can be given a definite or certain legal meaning," then it is unambiguous and enforceable as written.  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex. 1995).

Only if a contract is susceptible to multiple reasonable interpretations must a court adopt the interpretation most favorable to the movant.  *Nat'l Union Fire Ins. Co.*, 907 S.W.2d at 520. Nevertheless, a court will not find a contract ambiguous merely because the parties offer contradictory interpretations.  *See Cent. States, Se. & Sw. Areas Pension Fund v. Creative Dev. Co.*, 232 F.3d 406, 414 n.28 (5th Cir. 2000) (quoting *Wards Co. v. Stamford Ridgeway Assocs.*, 761 F.2d 117, 120 (2d Cir. 1985) (internal quotation marks and citation omitted)) ("A Court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings."); *see also*, *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 465 (Tex. 1998).

The plaintiff attempts to support her breach of contract claim by citing certain portions of her employment agreement with OAS.  However, those portions to which she cites refer to *her obligations* to OAS rather than to *the defendants' obligations* to her.[9]  The plaintiff cannot distort the contract's unambiguous language to succeed on a breach of contract allegation.  Thus, the Court grants the defendant's motion regarding the plaintiff's breach of contract claim.

---

[9] Although SEII may not be a party to this suit, the relevant portions of the plaintiff's employment agreement with SEII are substantially identical to her agreement with OAS.  Thus, if the plaintiff has asserted a breach of contract claim against SEII, the Court's reasoning in this subsection would also apply to her claim against SEII.

### D.        Agency, Joint Venture, Joint Enterprise and Direct Corporate Responsibility

The Court grants the defendants' motion regarding the plaintiff's claim of agency, joint venture, joint enterprise and direct corporate liability because the Court holds that these assertions are not legal causes of action.  Rather, these purported claims are actually theories of liability under which the defendants could potentially be liable.  *See Crooks v. Moses*, 138 S.W.3d 629, 637 (Tex. App. – Dallas 2004, pet. denied) (recognizing that agency and vicarious liability "are not, in and of themselves, independent causes of action") (internal citations omitted); *Western Oil & Gas. JV, Inc. v. Griffiths*, 91 Fed. Appx. 901, 904 (5th Cir. 2003) ("Like alter ego, the single business enterprise doctrine is an equitable remedy and not a cause of action. Absent a cognizable cause of action, this remedy is unavailable") (internal citation omitted); *Southern Union Co. v. City of Edinburg*, 129 S.W.3d 74, 87 (Tex. 2003) (classifying joint ventures and joint enterprises as theories "for imposing joint and several liability"); *Lindquist v. Farmers Ins. Co. of Ariz.*, No. CV06-597-TUC-FRZ, 2008 WL 343299, at *10 (D. Ariz. Feb. 6, 2008) ("the joint venture, alter ego, and single business enterprise allegations are forms of derivative liability arising from the underlying substantive cause of action," not separate causes of action themselves) (internal citations omitted); *Hanna v. Impact Recovery Sys., Inc.*, 295 S.W.3d 380, 398 (Tex. App. – Beaumont 2009, pet. denied) (holding "[a]ppellants' claims of . . . joint enterprise liability are not separate causes of action.") (internal citations omitted).

Here, none of these purported "claims" state a cause of action against any defendant. Accordingly, the Court grants the defendants' motion with respect to these "claims."

## VI.    Conclusion

Based on the foregoing discussion, the Court GRANTS the defendants' motion for judgment.  Accordingly, only three of the plaintiff's nine original claims remain justiciable: (1)

sexual harassment and hostile work environment; (2) retaliation; and (3) constitutional allegations.

It is so **ORDERED**.

SIGNED at Houston, Texas this 30th day of March, 2011.

_____
Kenneth M. Hoyt
United States District Judge